OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks judgment annulling and vacating the determination of the Superintendent of Banks denying petitioner’s application and directing the superintendent to grant petitioner authorization to acquire control of Central State Bank (CSB) pursuant to section 143-b of the Banking Law.
Petitioner is a citizen and resident of Venezuela. He, together with other members of his family, owns a controlling interest in the First National Bank of Greater Miami, located in Miami, Florida. On June 1, 1978, petitioner entered into a purchase agreement whereby he undertook to buy a majority of the outstanding common stock of the CSB, a bank duly organized and existing under the laws of the State of New *1056 York (located in the City of New York with four offices and assets of $63,000,000).
Petitioner filed an application with respondent on June 30, 1978, seeking approval to exercise control of CSB by the acquisition of a majority of its capital stock. Prior to the filing of said application, petitioner and his counsel had met with the Superintendent of Banks and members of his staff on June 27, 1978, to discuss same.
By a determination dated January 22, 1979, the respondent disapproved the petitioner’s application holding that in considering the petitioner’s "character” and "general fitness” the fact that the petitioner owned a controlling interest of a bank in another State led to the conclusion that his acquisition of control of the CSB would be inconsistent with the public interest and contrary to the public policy of the State of New York. The instant proceeding seeks a review of that determination.
The petitioner contends that the Superintendent of Banks has no statutory authority to deny the application upon the grounds cited and further, that rules regarding interstate branching or multistate banking considerations may not be lawfully applied to individual shareholders such as petitioner.
This court cannot agree with the contentions of the petitioner. The respondent must disapprove an application under subdivision 3 of section 143-b of the Banking Law if such disapproval is "reasonably necessary to protect the interests of the people of this state”. In making such determination the superintendent shall only consider the criteria of character, responsibility and general fitness of the applicant. These words are not defined in the statute and respondent has considered petitioner’s ownership of a bank in another State as an element of character and fitness. In Matter of Young v Bragalini (3 NY2d 602, 605), the court stated the rule of law as follows: "Where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the court’s function is limited (Board v. Hearst Publications, 322 U. S. Ill, 131). In such matters we may not substitute our judgment in place of the judgment of the administrative agency where reasonable minds may differ as to the probative force of the evidence (Matter of Kopec v. Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 N. Y. 65, 71; Matter of Kilgus v. Board of Estimate, 308 N. Y. 620, 627).”
*1057 As long as the administrative decision has a rational basis, as it does in the instant proceeding, it would be upheld. (Matter of Pell v Board of Educ., 34 NY2d 222.)
The decision of the respondent is therefore affirmed, and the petition is denied.